■ RICHARD BROWNRIGG, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [815 NYS2d 681]—

In an action to recover damages for personal injuries, the defendant appeals from (1) a judgment of the Supreme Court, Kings County (Douglass, J.), dated May 19, 2004, which, upon the granting of the plaintiff's motion for summary judgment on the issue of liability, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against it in the principal sum of $660,000, and (2) an order of the same court dated September 14, 2004, which denied its motion pursuant to CPLR 4404 to set aside the damages award as excessive.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability; and it is further,

Ordered that in the event that the defendant is found liable at the new trial, the damages award shall be reinstated; and it is further,

Ordered that the order dated September 14, 2004 is affirmed; and it is further,

Ordered that costs shall abide the event.

On July 1, 1996 the plaintiff, Richard Brownrigg, an employee of Nouveau Elevator Industries, was working in the elevator shaft of a building in Brooklyn when he was struck in the right eye by a screwdriver-like tool that was dropped by a coworker four floors above the plaintiff's location. The building was owned by the defendant, New York City Housing Authority (hereinafter the NYCHA). In June 2001 the plaintiff moved for summary judgment on the issue of liability on his causes of action pursuant to Labor Law § 240 (1) and § 241-a and the NYCHA crossmoved for summary judgment dismissing those causes of action. The Supreme Court initially granted the NYCHA's cross motion and denied the plaintiff's motion. Thereafter however, the Supreme Court granted the plaintiff's motion for leave to renew, and in an order dated June 24, 2003, denied those branches of both the motion and the cross motion which were for summary judgment on the Labor Law § 241-a cause of action, finding triable issues of fact.

At trial, before opening statements, the Supreme Court granted the plaintiff summary judgment on the issue of liability, concluding that evidence "would come in that . . . [the] contract [was] covered by [Labor Law § 241-a]." The NYCHA objected, arguing that the June 24, 2003 order denying the plaintiff summary judgment on liability on the Labor Law § 241-a cause of action was the law of the case. The objection was overruled and the trial proceeded on the issue of damages.

The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding (*see Bellavia v Allied Elec. Motor Serv.*, 46 AD2d 807 [1974]). The doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision (*see Gay v Farella*, 5 AD3d 540 [2004]). The doctrine may be ignored in extraordinary circumstances such as a change in law or a showing of new evidence (*see Foley v Roche*, 86 AD2d 887 [1982]).

The grant of summary judgment to the plaintiff on the issue of liability at the beginning of trial was based on the same facts and law as the prior order of June 24, 2003, which denied summary judgment to the plaintiff on the issue of liability. As the June 24, 2003 order was the law of the case, and there were no extraordinary circumstances permitting the Supreme Court to ignore the order (*see Foley v Roche, supra*), the Supreme Court erred in granting the plaintiff summary judgment on the issue of liability at that juncture in the proceeding, when no evidence had been proffered, introduced, or admitted at trial (*cf. Country-Wide Leasing Corp. v Subaru of Am.*, 133 AD2d 735 [1987];

*Zook v Hartford Acc. & Indem. Co.*, 64 AD2d 701 [1978]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial on the issue of liability.

We agree with the Supreme Court that the damages award was not excessive. Therefore, in the event that the defendant is found liable after the new trial, the damages award should be reinstated. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.