■ US Bank, National Association as Trustee for the Structured Asset Investment Loan Trust, 2005-5 Respon-

dent, v DELROY STEELE, Appellant, et al., Defendants. [39 NYS3d 178]—

In an action to foreclose a mortgage, the defendant Delroy Steele appeals from a judgment of foreclosure and sale of the Supreme Court, Westchester County (O. Bellantoni, J.), dated March 6, 2015, which, upon an order of the same court, also dated March 6, 2015, granting the plaintiff's motion pursuant to CPLR 2001 and 5019 (a) to substitute, nunc pro tunc, a newly signed affidavit of merit in place of an affidavit of merit that was attached to its application for an order of reference, to validate the order of reference, and to enter a judgment of foreclosure and sale, inter alia, directed the sale of the subject premises.

Ordered that the judgment is affirmed, with costs.

In March 2005, the defendant Delroy Steele (hereinafter the defendant) obtained a loan from BNC Mortgage, Inc., in the principal sum of $567,530, which was secured by a mortgage on real property located in Bronxville (hereinafter the premises).

In September 2007, the plaintiff commenced this mortgage foreclosure action, alleging that the defendant had defaulted on his payment obligations. The defendant neither answered the complaint nor moved to dismiss the complaint on the ground that the plaintiff lacked standing at the time that it commenced the action. Thereafter, the plaintiff moved for an order of reference, which was entered on April 27, 2009.

In December 2014, the plaintiff moved pursuant to CPLR 2001 and 5019 (a) to substitute, nunc pro tunc, a newly signed affidavit of merit in place of the earlier affidavit of merit that was attached to its application for an order of reference, to validate the order of reference, and to enter a judgment of foreclosure and sale. The plaintiff sought to substitute the new affidavit of merit in order to provide a proper description of the affiant's knowledge. The defendant opposed the motion. By order dated March 6, 2015, the Supreme Court granted the plaintiff's motion in its entirety and a judgment of foreclosure and sale for the premises was subsequently entered. The defendant appeals from the judgment.

The Supreme Court providently exercised its discretion in granting those branches of the plaintiff's motion which were to substitute, nunc pro tunc, the newly signed affidavit of merit in place of the affidavit of merit that had been attached to its application for an order of reference, and to validate the order of reference. CPLR 2001 "permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or ir-

regularity if a substantial right of a party is not prejudiced" (*U.S. Bank N.A. v Eaddy*, 109 AD3d 908, 910 [2013]; *see Matter of Tagliaferri v Weiler*, 1 NY3d 605, 606 [2004]; *Midfirst Bank v Agho*, 121 AD3d 343, 351 [2014]). In addition, pursuant to CPLR 5019 (a), a court has "discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party" (*U.S. Bank N.A. v Eaddy*, 109 AD3d at 910 [internal quotation marks omitted]). Here no substantial right of the defendant has been affected by the court's substitution of the new affidavit of merit (*see U.S. Bank N.A. v Lomuto*, 140 AD3d 852 [2016]; *US Bank, N.A. v Samuel*, 138 AD3d 1105 [2016]; *HSBC Bank USA, N.A. v Dalessio*, 137 AD3d 860 [2016]; *Deutsche Bank Natl. Trust Co. v Lawson*, 134 AD3d 760, 761 [2015]).

The defendant's remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Cohen, Barros and Connolly, JJ., concur.