Northern Blvd Corona, LLC v Northern Blvd Prop., LLC (2018 NY Slip Op 00427)





Northern Blvd Corona, LLC v Northern Blvd Prop., LLC


2018 NY Slip Op 00427


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-05018
 (Index No. 704265/13)

[*1]Northern Blvd Corona, LLC, plaintiff-respondent,
v
Northern Blvd Property, LLC, et al., appellants, et al., defendants; North Boulevard Property, LLC, et al., nonparty-respondents.


Holihan & Associates, PC, Richmond Hill, NY (Nazareth Markarian of counsel), for appellants.
Kriss & Feuerstein LLP, New York, NY (Jerold C. Feuerstein, Michael J. Bonneville, and Tiffany L. Henry of counsel), for plaintiff-respondent.
Loeb & Loeb LLP, New York, NY (Jon Hollis, David M. Satnick, and Helen Gavaris of counsel), for nonparty-respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Northern Blvd Property, LLC, and Yourik Atakhanian appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Queens County (D. Hart, J.), entered June 11, 2015, as granted the motion of nonparties North Boulevard Property, LLC, and Melrose Credit Union to vacate a temporary restraining order contained in an order to show cause of the same court (Mayersohn, J.) dated April 3, 2015, and (2), by permission, from so much of the same order as, sua sponte, inter alia, deemed the subject property to have been sold as one parcel as of July 11, 2014, the date of the foreclosure sale.
ORDERED that the appeal from so much of the order as granted the motion of nonparties North Boulevard Property, LLC, and Melrose Credit Union to vacate the temporary restraining order contained in the order to show cause dated April 3, 2015, is dismissed as academic; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In May 2014, a judgment of foreclosure and sale was entered in this action upon the failure of the defendant mortgagor, Northern Blvd Property, LLC, and its managing member, the defendant Yourik Atakhanian (hereinafter together the appellants), to answer the complaint. The judgment of foreclosure and sale, inter alia, directed that the subject premises, which consisted of three lots, be sold at public auction "in multiple parcels or in bulk." The appellants' motion to vacate [*2]the judgment of foreclosure and sale and for leave to serve a late answer was denied, and that denial was affirmed on appeal (see Community Preservation Corporation v Northern Blvd Property, LLC, 140 AD3d 689).
On July 11, 2014, the property was sold at public auction to third-party purchasers for a total purchase price of $10.3 million. On December 31, 2014, the foreclosure sale closed and a referee's deed was issued to nonparty North Boulevard Property, LLC (hereinafter North Boulevard), as assignee of the third-party purchasers.
On April 3, 2015, the appellants moved by order to show cause to vacate and set aside the referee's deed, inter alia, on the ground that, prior to the foreclosure sale, the three parcels had been merged into one tax lot and therefore the property, which was improved by a mixed-use building spanning all three parcels, could not practically be sold as three separate parcels as permitted by the judgment of foreclosure and sale. The appellants further alleged that the successful bidders had colluded to rig the bids. The order to show cause also included a temporary restraining order (hereinafter the TRO) enjoining North Boulevard and all persons acting on its behalf from further selling or further encumbering the property.
Thereafter, North Boulevard and its lender, nonparty Melrose Credit Union (hereinafter MCU), made an emergency application to vacate the TRO, inter alia, on the ground of lack of personal jurisdiction. In the order appealed from, the Supreme Court granted the motion to vacate the TRO contained in the order to show cause dated April 3, 2015, and, in addition, sua sponte, inter alia, deemed the property to have been sold as one parcel as of the date of the foreclosure sale. In a subsequent order, the court, inter alia, denied the appellants' motion to vacate and set aside the referee's deed (see Northern Blvd Corona, LLC v Northern Blvd Property, LLC, ___ AD3d ___ [Appellate Div. Docket No. 2016-01317; decided herewith]).
CPLR 2001 permits a court, at any stage of an action, to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced (see Grskovic v Holmes, 111 AD3d 234; U.S. Bank N.A. v Eaddy, 109 AD3d 908). In addition, CPLR 5019(a) gives trial courts the discretion to cure mistakes, defects, and irregularities that do not affect substantial rights of parties (see Bessa v Anflo Indus., Inc., 148 AD3d 974; US Bank, N.A. v Steele, 142 AD3d 1161; U.S. Bank N.A. v Eaddy, 109 AD3d at 910). Here, the appellants failed to establish that a substantial right of theirs was prejudiced by the court's sua sponte, inter alia, deeming the property to have been sold as one lot as of July 11, 2014 (see US Bank, N.A. v Steele, 142 AD3d 1161; South Point, Inc. v Rana, 139 AD3d 936; Matrix Fin. Servs. Corp. v McKiernan, 13 AD3d 344).
Under the circumstances, the appeal from so much of the order as granted the motion to vacate the TRO must be dismissed as academic (see Needleman v Tornheim, 106 AD3d 707, 708-709; Matter of Dent-X Paintless Dent Removal v Wissemann, 238 AD2d 588).
MASTRO, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court