Medical Bldg. Assoc., Inc. v Abner Props. Co. (2020 NY Slip Op 00992)





Medical Bldg. Assoc., Inc. v Abner Props. Co.


2020 NY Slip Op 00992


Decided on February 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2020

Friedman, J.P., Renwick, Kern, Oing, JJ.


10997N 105724/11

[*1] Medical Building Associates, Inc., Plaintiff-Appellant,
v
Abner Properties Company, Defendant-Respondent.


Law Offices of James C. Mantia, P.C., New York (James C. Mantia of counsel), for appellant.
Belkin Burden Wenig & Goldman, LLP, New York (Jeffrey Levine of counsel), for respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered April 16, 2019, which, to the extent appealed from as limited by the briefs, granted defendant owner's motion to vacate a Yellowstone injunction previously issued to plaintiff tenant, awarded defendant in the amount of $212,806.78 in unpaid use and occupancy, plus attorney's fees to be calculated later, and denied plaintiff's cross motion for an order requiring defendant to consent to the filing of plaintiff's alteration plans and building applications with the Department of Buildings, pursuant to a 2013 so-ordered stipulation between the parties, unanimously reversed, on the law and the facts, with costs, to reinstate the Yellowstone injunction, vacate the monetary award in favor of defendant and deny the application for attorney's fees, and direct defendant to file tenant's "as built plans" with Department of Buildings.
The court's 2016 order finding that triable issues of fact precluded all the relief requested, including the vacatur of the Yellowstone injunction and the entry of a money judgment for unpaid use and occupancy and additional rent, necessarily encompassed a finding that the record evidence, including the evidence concerning tenant's alleged failure to pay outstanding use and occupancy and additional rent, did not support the vacatur of the injunction and entry of a money judgment, which, in all material respects, is identical to the relief sought in owner's instant motion. As there were no extraordinary circumstances permitting the court to ignore the prior order and no new evidence was proffered that differs from the type of evidence presented on the prior motion, there was no basis for the court to depart from the prior ruling that issues of fact exist concerning tenant's alleged failure to pay use and occupancy so as to warrant the denial of the motion to vacate the Yellowstone injunction based on tenant's alleged failure to pay the full use and occupancy owed, as well as the request for entry of a money judgment for use and occupancy and additional rent (see Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2d Dept 2006]). Based on that ruling, the grant of attorneys' fees to owner should also be vacated and denied.
Under the circumstances, including the unending dispute between the parties with respect to whether tenant's plans are in compliance with the terms of the "punch list" and the pertinent building codes and law, and tenant's waiver of the right to self-certification, which leaves the Department of Buildings as the ultimate arbiter of whether the "as built" plans and the prior [*2]build-out conform with the building code, tenant's cross motion for an order directing owner to comply with the parties 2013 so-ordered stipulation is granted to the extent of directing owner to file tenant's current building plans with DOB.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2020
CLERK