U.S. Bank N.A. v Moss (2020 NY Slip Op 05252)





U.S. Bank N.A. v Moss


2020 NY Slip Op 05252


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-09285
 (Index No. 22751/06)

[*1]U.S. Bank National Association, etc., respondent,
v
Danielle Moss, etc., appellant, et al., defendants.


Brody, O'Connor & O'Connor, New York, NY (Scott A. Brody of counsel), for appellant.
Reed Smith, LLP, New York, NY (Brian P. Matthews and Diane A. Bettino of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Danielle Moss appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated June 22, 2017. The judgment of foreclosure and sale, upon an order of the same court also dated June 22, 2017, granting the plaintiff's motion for leave to enter a judgment of foreclosure and sale, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
Contrary to the defendant's contention, the doctrine of the law of the case did not warrant denial of the plaintiff's motion for leave to enter a judgment of foreclosure and sale. "The doctrine of law of the case seeks to prevent litigation of issues of law that have already been determined at an earlier stage of the proceeding" (Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722; see Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 842). The law of the case doctrine applies "only to legal determinations that were necessarily resolved on the merits in a prior decision" (Brownrigg v New York City Hous. Auth., 29 AD3d at 722; see Ramanathan v Aharon, 109 AD3d 529, 530) and "to the same questions presented in the same case" (Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717 [internal quotation marks omitted]; see Ramanathan v Aharon, 109 AD3d at 530). The doctrine "forecloses reexamination of [an issue previously determined] absent a showing of newly discovered evidence or a change in the law" (Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d 667, 669).
Here, the plaintiff demonstrated a change in the law subsequent to the Supreme Court's order dated May 13, 2014, denying the plaintiff's motion to vacate an order of reference dated February 5, 2007, to substitute a newly proffered affidavit of merit in place of the affidavit of merit submitted with the plaintiff's motion for an order of reference, and for a new order of reference (see U.S. Bank v Eaddy, 109 AD3d 908; see also US Bank, N.A. v Steele, 142 AD3d 1161; Deutsche Bank Natl. Trust Co. v Lawson, 134 AD3d 760).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for leave to enter a judgment of foreclosure and sale.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court