Matter of Hanlon (2020 NY Slip Op 07888)





Matter of Hanlon


2020 NY Slip Op 07888


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-06057

[*1]In the Matter of Grace Hanlon, deceased. Merlene Dinnal, appellant, David S. Sewell, et al., respondents. (File No. 134/12)


McGlashan Law Firm, P.C., New York, NY (Patrick McGlashan of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., New York, NY (David N. Milner of counsel), for respondent David S. Sewell.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgpta and Joshua M. Parker of counsel), for respondent pro se.
Wingate Kearney & Cullen, LLP, Brooklyn, NY (Claire Steinman of counsel), for respondents Roman Catholic Church of SS. Simon and Jude and Judith Planty.



DECISION & ORDER
In a probate proceeding in which Merlene Dinnal, inter alia, petitioned pursuant to SCPA 2102 to compel the turnover of certain real property to her, Merlene Dinnal appeals from an order of the Surrogate's Court, Kings County (John G. Ingram, S.), dated April 10, 2018. The order, insofar as appealed from, inter alia, denied that branch of Merlene Dinnal's motion which was for summary judgment on the petition, in effect, denied that branch of the motion of Merlene Dinnal which was for summary judgment dismissing the counterclaim asserted against her by the respondent David S. Sewell, and granted that branch of the cross motion of the respondents Judith Planty and Roman Catholic Church of SS. Simon and Jude which was to compel discovery and extend the time for discovery pursuant to CPLR 2004.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
This proceeding involves the contested ownership of certain real property in Brooklyn (hereinafter the subject property) that was formerly owned by the decedent. In September 1997, the decedent created a living trust (hereinafter the trust) and in 1998, she deeded the subject property to the trust. The trust contained provisions with regard to the exercise of a testamentary power of appointment. In 2011, the decedent executed her last will and testament, which specifically provided for the subject property to go to the petitioner, but the will made no reference to the trust. After the decedent's death in 2011, the petitioner asserted that the decedent had bequeathed the subject property to her in the will, while the beneficiaries of the trust contended that the subject property belonged to the trust and should be distributed to them.
In October 2015, the petitioner filed a petition (hereinafter the 2015 petition) pursuant to SCPA 2102 to compel the turnover of the subject property to her, and she subsequently moved, inter alia, for summary judgment on the petition. In an order dated July 14, 2016, the Surrogate's Court denied the motion and found that the subject property had been transferred into the trust, remained in the trust at the time of the decedent's death, and therefore had to be distributed according to the terms of the trust. The court also found that the trust was ambiguous regarding how the power of appointment was to be exercised and that extrinsic evidence was required to determine the decedent's intent with regard to the proper exercise of her power of appointment. This Court affirmed the Surrogate's Court order (see Matter of Hanlon, 169 AD3d 1039).
In August 2017, subsequent to the Surrogate's Court having granted the petitioner's motion for leave to amend the petition, the petitioner filed an amended petition pursuant to SCPA 2102 to compel the turnover of the subject property to her wherein she requested essentially the same relief that she requested in the 2015 petition. The petitioner thereafter moved, inter alia, for summary judgment on the petition and dismissing the counterclaim asserted against her by the respondent David S. Sewell. The respondents Judith Planty and the Roman Catholic Church of SS. Simon and Jude (hereinafter the Church) cross-moved, inter alia, to compel discovery and extend the time for discovery pursuant to CPLR 2004. The court, among other things, denied that branch of the petitioner's motion which was for summary judgment on the petition, in effect, denied that branch of the petitioner's motion which was for summary judgment dismissing the counterclaim asserted against her by Sewell, and granted that branch of the cross motion of Planty and the Church which was to compel and extend discovery. With respect to that branch of the petitioner's motion which was for summary judgment on the petition, the court found that it had already been determined in the prior order dated July 14, 2016, that the subject property was transferred into the trust and remained therein at the time of the decedent's death, and that there was a triable issue of fact with regard to whether the power of appointment created in the trust was properly exercised. The petitioner appeals. We affirm.
"The doctrine of [the] law of the case 'is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned'" (Messinger v Messinger, 16 AD3d 562, 562, quoting Martin v City of Cohoes, 37 NY2d 162, 165). The doctrine "seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding" (Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722). "The law of the case doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision" (Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 842 [internal quotation marks omitted]; see Brownrigg v New York City Hous. Auth., 29 AD3d at 722).
We agree with the Surrogate's Court's determination denying that branch of the petitioner's motion which was for summary judgment on the petition, as, in effect, precluded by the law of the case doctrine. The arguments raised by the petitioner in the instant summary judgment motion had previously been decided in the July 14, 2016 order that determined the summary judgment motion on the petitioner's 2015 petition. The petitioner had a full and fair opportunity to litigate the initial determination, and the legal determinations were necessarily resolved on the merits in the prior order dated July 14, 2016 (see People v Evans, 94 NY2d 499, 502; EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr., 63 AD3d 665, 666). However, while this Court is not bound by the Surrogate's Court's order dated July 14, 2016 (see US Bank N.A. v Oliver, 180 AD3d 843, 844), this Court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the appellate court (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d 690, 691). Here, upon reviewing the July 14, 2016 order denying the petitioner's motion for summary judgment on the 2015 petition, this Court affirmed, finding that "the subject property was . . . owned by the trust as of the date of the decedent's death, as the decedent had successfully deeded it to the trust, and the decedent's will did not revoke the trust" (Matter of Hanlon, 169 AD3d at 1040 [citations omitted]). Further, this Court found that the language governing the trust was ambiguous with regard to the exercise of a general testamentary power of appointment, and that "extrinsic evidence [was] necessary to determine the decedent's intent and whether the bequest in her will . . . was sufficient under the terms of the trust to change the beneficiaries specified in the trust to [*2]include the petitioner" (id. at 1041). Under these circumstances, reconsideration of these same issues raised in the instant appeal is precluded by the doctrine of the law of the case (see JFK Family L.P. v Millbrae Natural Gas Dev. Fund, 169 AD3d 780, 781; US Bank, N.A. v Morrison, 160 AD3d 679, 680).
We agree with the Surrogate's Court's determination, in effect, denying those branches of the petitioner's motion which were for statutory interest payments pursuant to EPTL 11-1.5 and for relief from maintenance costs. The petitioner's request was premature, as ownership of the subject property has not yet been determined (see generally Matter of Abrams, 100 AD3d 746, 748; Netjets, Inc. v Signature Flight Support, Inc., 43 AD3d 1016, 1018-1019).
The Surrogate's Court providently exercised its discretion in granting that branch of the cross motion of Planty and the Church which was to compel discovery and extend the time for discovery pursuant to CPLR 2004. Pursuant to CPLR 2004, "[e]xcept where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed" (see Ryskin v Corniel, 181 AD3d 742, 743-744). Here, Planty and the Church demonstrated good cause for the court to extend the deadline to conduct discovery in order to allow for the deposition of the petitioner's daughter, who was involved in retaining the attorney who drafted the decedent's will, and to conduct any further relevant discovery in connection with said deposition.
The petitioner's remaining arguments are either without merit or not properly before this Court.
RIVERA, J.P., AUSTIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court