Kanes v Kanes (2024 NY Slip Op 04254)

Kanes v Kanes

2024 NY Slip Op 04254

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-06441
 (Index No. 608982/20)

[*1]Anna Kanes, etc., respondent, 
v
Peter Kanes, etc., defendant, Patricia Kanes, etc., appellant.

Dunnington Bartholow & Miller LLP (Norman A. Olch, New York, NY, of counsel), for appellant.
Jaspan Schlesinger Narendran LLP, Garden City, NY (Steven R. Schlesinger, Gayle S. Gerson, and Sophia A. Perna-Plank of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Patricia Kanes appeals from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered August 23, 2021. The order granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the amended first counterclaim.
ORDERED that the order is affirmed, with costs.
On September 19, 2008, Ernest Kanes (hereinafter Ernest) executed a last will and testament, inter alia, providing for his 20% interests in two family-owned corporate entities, Leftom Foods, Ltd. (hereinafter Leftom), and Koumbar Realty, Ltd. (hereinafter Koumbar), to pass to his son George Kanes (hereinafter George). On September 23, 2008, Ernest executed a "Stock Power" transferring his 20% interests in Leftom and Koumbar to George, resulting in George owning a 40% interest in both entities. On October 24, 2008, George's brother, Peter Kanes (hereinafter Peter), allegedly transferred 11% of his 20% interest in Koumbar to George, resulting in George owning a majority 51% interest in Koumbar.
On November 10, 2008, Ernest died, survived by his spouse, Maria Kanes (hereinafter Maria), and his four children, George, Peter, Patricia Kanes (hereinafter Patricia), and Theone Kanes (hereinafter Theone). Ernest's will was not admitted to probate.
In July 2019, certain real property owned by Koumbar was sold to a nonparty entity for the sum of $13,600,000. In August 2020, following disputes over the distribution of the net proceeds from the sale, Anna Kanes (hereinafter the plaintiff), as executor of the estate of her husband, George, who died in December 2019, commenced this action against Peter, Theone, Patricia, and Maria, inter alia, to recover damages for breach of a shareholders' agreement.
In October 2020, Theone, Patricia, and Maria filed an answer with counterclaims. The first counterclaim sought a judgment declaring that Ernest's transfer of his interests in Koumbar and Leftom to George in September 2008 was void ab initio, alleging, inter alia, undue influence by George. The plaintiff moved pursuant to CPLR 3211(a) to dismiss the first counterclaim, arguing, [*2]among other things, that the counterclaim was time-barred, as it sought rescission of the Stock Power dated September 23, 2008, and the applicable six-year statute of limitations ran from that date and expired prior to the filing of the counterclaim. In opposition, Theone, Patricia, and Maria submitted affidavits averring that George did not disclose Ernest's transfer of his interests in Koumbar and Leftom or claim that he held those interests until 2018, and they argued that the plaintiff, therefore, should be equitably estopped from asserting a statute of limitations defense. In an order dated February 18, 2021, the Supreme Court granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the first counterclaim as time-barred.
In March 2021, Theone, Patricia, and Maria asserted an amended first counterclaim to set aside the transfer of Ernest's interests in Koumbar and Leftom in September 2008 or which sought a judgment declaring that the transfer was void ab initio. The amended first counterclaim alleged, inter alia, that George had a fiduciary obligation to disclose the transfer of Ernest's interests in Koumbar and Leftom and that the plaintiff should be equitably estopped from asserting a statute of limitations defense to the amended first counterclaim because George "concealed the purported transfers." Thereafter, the plaintiff moved pursuant to CPLR 3211(a) to dismiss the amended first counterclaim as precluded by the doctrine of law of the case in light of the order dated February 18, 2021. In an order entered August 23, 2021, the Supreme Court granted the plaintiff's motion. Patricia appeals.
"'The doctrine of the law of the case seeks to prevent litigation of issues of law that have already been determined at an earlier stage of the proceeding'" (U.S. Bank N.A. v Moss, 186 AD3d 1753, 1753, quoting Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722). "The law of the case doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision and to the same questions presented in the same case" (U.S. Bank N.A. v Moss, 186 AD3d at 1753 [citations and internal quotation marks omitted]; see Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717). Contrary to Patricia's contention, the Supreme Court providently exercised its discretion in determining that the doctrine of law of the case precluded its consideration of whether the amended first counterclaim was time-barred. Although the amended first counterclaim included allegations that were not asserted in the original first counterclaim regarding George's failure to disclose Ernest's transfer of his interests in Koumbar and Leftom, those allegations were raised in affidavits submitted in opposition to the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the original first counterclaim. Thus, the amended first counterclaim did not allege new facts after the court determined that the original first counterclaim, as amplified by the affidavits, was time-barred.
Moreover, although this Court is not bound by the Supreme Court's prior determination pursuant to the law of the case doctrine, Patricia has not raised any basis on appeal to disturb the Supreme Court's determination (see FPG CH 94 Amity, LLC v Pizzarotti, LLC, 218 AD3d 651, 654). Patricia's contention that the plaintiff should be equitably estopped from raising a statute of limitations defense to the amended first counterclaim is without merit. Due diligence in asserting a claim "is an essential element for the applicability of the doctrine of equitable estoppel" (Simcuski v Saeli, 44 NY2d 442, 450). Here, the record reflects that Patricia, Theone, and Maria learned of Ernest's transfer of his interests in Koumbar and Leftom to George in 2018, but delayed, without explanation, in asserting the original first counterclaim until October 2020. Thus, under the circumstances of this case, the doctrine of equitable estoppel is not applicable (see Calamari v Panos, 131 AD3d 1088, 1091).
Patricia's remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 3211(a) to dismiss the amended first counterclaim.
BARROS, J.P., IANNACCI, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court