| |
|---|
| **U.S. Bank N.A. v Narain** |
| 2025 NY Slip Op 33324(U) |
| September 15, 2025 |
| Supreme Court, Bronx County |
| Docket Number: Index No. 35570/2014E |
| Judge: Naita A. Semaj |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX: PART 27**
--------------------------------------------------------------------X

U.S. BANK NATIONAL ASSOCIATION, NOT IN
ITS INDIVIDUAL CAPACITY, BUT SOLELY AS
INDENTURE TRUSTEE FOR CASTLE PEAK
2012-1 LOAN TRUST MORTGAGE BACKED
NOTES, SERIES 20121,

Index №.: 35570/2014E

                                        Plaintiff,

            -against-

                                                            Hon.    NAITA A. SEMAJ
                                                                    _____
    DEEPWATTIE NARAIN, et al.
                                                                    Justice Supreme Court

                            Defendant(s).
--------------------------------------------------------------------X

The following papers were read on this motion (Seq. No. 2) seeking **SUMMARY JUDGMENT**, submitted on
May 16, 2025.

|  | NYSCEF Documents |
|---|---|
| Notice of Motion – Exhibits and Affidavits | NYSCEF No(s). # 114-124 |
| Affirmation in Opposition and Annexed Exhibits | NYSCEF Doc. # 125-143 |
| Affirmation in Reply | NYSCEF Doc. # 144-145 |

Upon the foregoing papers, plaintiff's motion (Seq No. 2) for an order: (i) granting summary judgment in
favor of plaintiff and dismissing defendants' counterclaims pursuant to CPLR 3212; (ii) dismissing defendants'
affirmative defenses pursuant to CPLR 3211(b); (iii) appointing a referee to compute the amount due under the
subject mortgage pursuant to RPAPL 1321; (iv) granting default judgment against all non-appearing and non-
answering defendants pursuant to CPLR 3215; (v) substituting Marchai Properties, L.P. as plaintiff and "Jane
Narain" as John Doe #1 and amending the caption; and (vi) for such other and further relief as the court deems
just and proper is decided as follows.

In opposition to plaintiff's motion for summary judgment, defendants Deepwattie Narain and Bizd Inc.
(defendants) contend that plaintiff is improperly withholding non-privileged documents from the loan file and
should be compelled to produce (NYSCEF Doc No. 142 at 9).

The court finds this argument without merit. It is well settled that "service of a motion under CPLR 3211,
3212 or 3213 stays disclosure until the determination of the motion unless the court orders otherwise" (*Abrams v
Renaissance Equity Holdings, LLC*, 43 Misc3d 57, 59 [2014]). Here, plaintiff filed its summary judgment motion
on March 5, 2025 (NYSCEF Doc No. 114), which stays disclosure pending the court's determination of the
motion. Therefore, defendants' argument that the motion should be denied because plaintiff is improperly

[* 1]

withholding non-privileged documents from the loan file is found without merit, and their request by defendants to compel discovery is denied.

Defendants further argue that summary judgment should be denied on the grounds that there are unresolved factual issues concerning whether Aurora Loan Services, LLC caused the alleged default, frustrated the borrower's ability to cure, acted in bad faith, breached the implied covenant of good faith and fair dealing, violated General Business Law § 349, and failed to provide required notices (NYSCEF Doc No. 142 at 10-18).

Plaintiff, in reply, contends that these issues are barred by the doctrine of law of the case (NYSCEF Doc No. 114 at 5-7).

"The doctrine of [the] law of the case 'is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (*Matter of Hanlon*, 189 AD3d 1405, 1409 [2d Dept 2020]).

Here, the issue regarding payments made by defendants to Aurora Loan Services, LLC between June 13, 2008, and August 15, 2008—following oral representations allegedly made by Aurora's agent that the foreclosure would be withdrawn and the loan reinstated—was already adjudicated and denied by this Court on defendants' prior motion (NYSCEF Doc No. 55). As such, the court will not re-visit this issue.

When a plaintiff seeks summary judgment in a foreclosure action, plaintiff bears the burden to demonstrate through competent evidence its prima facie right to it "by providing evidence of the note and mortgage and proof of defendant's default" (*Broome Lender LLC v Empire Broome LLC*, 220 AD3d 611, 611 [1st Dept 2023]). Once the plaintiff meets this burden, the burden shifts to the defendant to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Here, plaintiff has met its burden on the motion. Plaintiff submitted a copy of the mortgage (NYSCEF Doc No. 116 at 16–40; NYSCEF Doc No. 117 at 11–35), the note (NYSCEF Doc No. 116 at 7–13), and documentary evidence of default in payment (NYSCEF Doc No. 116 ¶ 7 and at 65–68; NYSCEF Doc No. 121 ¶ 6). In addition, plaintiff has shown compliance with RPAPL 1304 by submitting proof of service of the required notices (NYSCEF Doc No. 117 at 51–83; *see also id.* ¶¶ 6–11). These submissions meet plaintiff's prima facie burden for summary judgment.

In opposition, the defendants have failed to raise a triable issue of fact. Defendants did not submit evidence to refute their default under the mortgage, nor did they provide admissible proof that plaintiff lacked standing as the holder or assignee of the note. Moreover, they failed to produce competent evidence challenging plaintiff's compliance with RPAPL 1304. As such, defendants any genuine issue of material fact warranting a trial and its opposition is denied.

To the extent plaintiff requests sanctions against defendant for an alleged violation of rule 130-1.1, such relieve was not requested in the notice of the motion and is dismissed.

2

[* 2]

The Court has reviewed and considered the remaining arguments presented and finds them to be without merit.

Accordingly, plaintiff's motion (Seq No. 2) is **granted** in its entirety. The accompanying order is signed.

This constitutes the decision and order of this court.

Dated: September _/ 5_ , 2025

Hon. _____

**Naita A. Semaj, J.S.C.**

1. CHECK ONE.................................. ☐ CASE DISPOSED IN ITS ENTIRETY   ☐ CASE STILL ACTIVE

2. MOTION IS.................................. **X** GRANTED   ☐ DENIED   ☐ GRANTED IN PART ☐ OTHER

3. CHECK IF APPROPRIATE..................... ☐ SETTLE ORDER   ☐ SUBMIT ORDER   ☐ SCHEDULE APPEARANCE ☐ FIDUCIARY APPOINTMENT   **X** REFEREE APPOINTMENT

3

[* 3]