Matter of Hanlon (2026 NY Slip Op 00128)

Matter of Hanlon

2026 NY Slip Op 00128

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-02172

[*1]In the Matter of Grace Hanlon, deceased. Merlene Dinnal, appellant, David S. Sewell, et al., respondents. (File No. 2/22)

McGlashan Law Firm, P.C., New York, NY (Patrick McGlashan of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhaveya and Kwame N. Akosah of counsel), respondent pro se.
Wingate Kearney & Cullen LLP, New York, NY (Richard J. Cea, Jessica Staley, and Joseph Cassotta of counsel), for respondents Roman Catholic Church of SS. Simon and Jude and Judith Planty.

DECISION & ORDER
In a probate proceeding in which Merlene Dinnal, inter alia, petitioned pursuant to SCPA 2102 to compel the turnover of certain real property to her, Merlene Dinnal appeals from a decree of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated January 18, 2024. The decree, after a hearing, denied the amended petition and dismissed the proceeding.
ORDERED that the decree is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In 1997, Grace Hanlon (hereinafter the decedent) created a living trust. The trust instrument provided that, upon the decedent's death, the trust corpus and undistributed income were to be distributed to various individuals and charities. The trust instrument also authorized the trustee of the trust to distribute the corpus and any undistributed income of the trust according to, among other things, "specific instructions" contained within the decedent's last will and testament. In addition, the trust instrument required a "specific reference" to the trust instrument in order to "revoke any payments to be made to a remainderman beneficiary under th[e] trust . . . [or] to alter the named remaindermen beneficiaries."
In 1998, the decedent deeded certain real property located in Brooklyn (hereinafter the property) to the trust. In April 2011, the decedent executed her last will and testament, which provided that upon the decedent's death, the property would go to the petitioner. The will made no reference to the trust. After the decedent's death in October 2011, the petitioner asserted that the decedent had bequeathed the property to her in the will, whereas the beneficiaries of the trust contended that the property belonged to the trust and should be distributed to them.
In October 2015, the petitioner commenced this proceeding pursuant to SCPA 2102 [*2]to compel the turnover of the property to her. Thereafter, the petitioner moved, inter alia, for summary judgment on the petition. In an order dated July 14, 2016, the Surrogate's Court, among other things, denied the petitioner's motion.
On a prior appeal (hereinafter the first prior appeal), this Court affirmed the order dated July 14, 2016 (see Matter of Hanlon, 169 AD3d 1039). This Court determined, inter alia, that, contrary to the petitioner's contention, the property was owned by the trust as of the date of the decedent's death and the decedent's will did not revoke the trust (see id. at 1040). In addition, this Court determined that the language governing the trust was ambiguous, "as one paragraph requires the decedent to make a 'specific reference' to the trust in her will to exercise a general testamentary power of appointment and another paragraph requires only 'specific instructions' to exercise a general testamentary power of appointment" (id. at 1041). Thus, this Court determined that "extrinsic evidence is necessary to determine the decedent's intent and whether the bequest in her will, which did not contain a specific reference to the trust, was sufficient under the terms of the trust to change the beneficiaries specified in the trust to include the petitioner" (id.).
In August 2017, the petitioner filed an amended petition wherein she requested essentially the same relief. The petitioner subsequently moved, among other things, for summary judgment on the amended petition. In an order dated April 10, 2018, the Surrogate's Court, inter alia, denied that branch of the petitioner's motion. On a prior appeal, this Court affirmed the order dated April 10, 2018 (see Matter of Hanlon, 189 AD3d 1405). This Court determined, among other things, that the arguments raised by the petitioner on her motion, inter alia, for summary judgment on the amended petition had already been determined on the first prior appeal and that reconsideration of those issues was precluded by the doctrine of the law of the case (see id. at 1408).
In a decree dated January 18, 2024, made after a hearing, the Surrogate's Court denied the amended petition and dismissed the proceeding. The Surrogate's Court determined, among other things, that the decedent's purported bequest of the property to the petitioner in her will "did not constitute a valid exercise of a power of appointment." The petitioner appeals.
"'The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding'" (Kanes v Kanes, 230 AD3d 662, 664 [internal quotation marks omitted], quoting U.S. Bank N.A. v Moss, 186 AD3d 1753, 1753). "'The law of the case doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision and to the same questions presented in the same case'" (id., quoting U.S. Bank N.A. v Moss, 186 AD3d at 1753 [citations and internal quotation marks omitted]).
On appeal, the petitioner contends, inter alia, that this Court's decision and order on the first prior appeal was "erroneous" and that this Court improperly determined that the trust held title to the property at the time of the decedent's death. However, this Court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the appellate court (see Keneally, Lynch & Bak, LLP v Salvi, 231 AD3d 1137, 1139; Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d 690, 691). Here, this Court's determination on the first prior appeal that "the subject property was property owned by the trust as of the date of the decedent's death, as the decedent had successfully deeded it to the trust, and the decedent's will did not revoke the trust" (Matter of Hanlon, 169 AD3d at 1040 [citations omitted]) constituted the law of the case. Moreover, the petitioner failed to make a showing of subsequent evidence or a change in the law that would warrant reconsideration of issues determined on the first prior appeal, including whether the property was owned by the trust and whether the decedent's will revoked the trust (see Wells Fargo Bank, N.A. v Archibald, 211 AD3d 1081, 1083; New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 205 AD3d 727, 728). Thus, reconsideration of those issues is barred by the doctrine of the law of the case.
Furthermore, this Court determined on the first prior appeal that "extrinsic evidence is necessary to determine the decedent's intent and whether the bequest in her will, which did not contain a specific reference to the trust, was sufficient under the terms of the trust to change the beneficiaries specified in the trust to include the petitioner" (Matter of Hanlon, 169 AD3d at 1041). [*3]At the subsequent hearing, the petitioner presented only the will, which was insufficient to resolve the ambiguity in her favor or to demonstrate that the decedent exercised a power of appointment in accordance with the terms of the trust instrument.
The petitioner's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Surrogate's Court properly denied the amended petition and dismissed the proceeding.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court