Brown-Wilks v Vornado Realty Trust (2026 NY Slip Op 01179)

Brown-Wilks v Vornado Realty Trust

2026 NY Slip Op 01179

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JAMES P. MCCORMACK, JJ.

2024-02961
 (Index No. 718269/21)

[*1]Paulette Brown-Wilks, et al., appellants-respondents,
vVornado Realty Trust, et al., respondents, Johnson Controls, Inc., respondent-appellant, et al., defendant.

Roach Bernard, PLLC, Valley Stream, NY (Seidia Roach Bernard of counsel), for appellants-respondents.
Furman Law Offices, LLC, Woodbury, NY (Richard L. Furman of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendant Johnson Controls, Inc., cross-appeals from an order of the Supreme Court, Queens County (Nicole A. McGregor Mundy, J.), dated December 4, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Vornado Realty Trust and Green Acres Mall, LLC, which was to vacate so much of an amended order of the same court (Salvatore J. Modica, J.) entered May 1, 2017, as granted that branch of the motion of the plaintiff Paulette Brown-Wilks which was pursuant to CPLR 5047, in effect, to enforce certain settlement agreements to the extent of awarding damages in favor of the plaintiff Paulette Brown-Wilks and against those defendants. The order, insofar as cross-appealed from, denied the motion of the defendant Johnson Controls, Inc., to dismiss the complaint insofar as asserted against it.
ORDERED that the appeal by the plaintiff Halgon Wilks is dismissed, as that plaintiff is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the plaintiff Paulette Brown-Wilks and insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants Vornado Realty Trust and Green Acres Mall, LLC, payable by the plaintiff Paulette Brown-Wilks, and one bill of costs is awarded to the plaintiff Paulette Brown-Wilks, payable by the defendant Johnson Controls, Inc.
In June 2012, Paulette Brown-Wilks (hereinafter the plaintiff), and her husband suing derivatively, commenced this action, among other things, to recover damages for personal injuries against the defendants, Vornado Realty Trust, Green Acres Mall, LLC (hereinafter together the Mall defendants), USI Services Group, Inc. (hereinafter USI), and Johnson Controls, Inc. (hereinafter JCI). [*2]In September 2015, the defendants executed a certain agreement, entitled "Post Mediation Agreement," which provided, inter alia, that USI would pay $355,000 to the plaintiff. Thereafter, the plaintiff and USI executed a separate agreement, entitled "Settlement Agreement," which, among other things, outlined the terms of the payments to be made by USI to the plaintiff.
In 2016, the plaintiff moved, inter alia, pursuant to CPLR 5047, in effect, to enforce the Post Mediation Agreement and the Settlement Agreement (hereinafter together the settlement agreements). In an amended order entered May 1, 2017 (hereinafter the May 1, 2017 order), the Supreme Court, among other things, granted that branch of the plaintiff's motion which was, in effect, to enforce the settlement agreements to the extent of awarding damages in favor of her and against all defendants. JCI and the Mall defendants separately appealed. While those appeals were pending, in an amended order entered June 5, 2018 (hereinafter the June 5, 2018 order), the court, sua sponte, vacated the May 1, 2017 order and denied the plaintiff's motion. The plaintiff appealed.
In a decision and order dated May 20, 2020, this Court, inter alia, reversed the June 5, 2018 order and reinstated the May 1, 2017 order, on the ground that "[a]bsent a motion or appropriate circumstances, the Supreme Court erred in, sua sponte, vacating a prior amended order and purporting to render a new determination on the motion it had determined in that prior amended order" (Brown-Wilks v Vornado Realty Trust, 183 AD3d 796, 797). In a separate decision and order also dated May 20, 2020, this Court reversed the May 1, 2017 order insofar as appealed from by JCI, on the ground that the plaintiff "failed to establish that JCI—as opposed to the defendant USI Services Group, Inc.—was obligated to make payments to the plaintiff or was otherwise liable to her under the settlement agreement" (Brown-Wilks v Vornado Realty Trust, 183 AD3d 795, 796). This Court dismissed the Mall defendants' appeal from the May 1, 2017 order, on the ground that the Mall defendants failed to oppose the plaintiff's motion, among other things, in effect, to enforce the settlement agreements, and "no appeal lies from an order entered upon the default of the appealing party" (id.).
Thereafter, the Mall defendants moved, inter alia, pursuant to CPLR 5015(a)(1) and (5), or in the interests of substantial justice, to vacate so much of the May 1, 2017 order as granted that branch of the plaintiff's motion which was, in effect, to enforce the settlement agreements to the extent of awarding damages in favor of the plaintiff and against the Mall defendants. Thereafter JCI moved to dismiss the complaint insofar as asserted against it. In an order dated December 4, 2023, the Supreme Court, among other things, granted that branch of the Mall defendants' motion and denied JCI's motion.
The Supreme Court providently exercised its discretion in granting that branch of the Mall defendants' motion which was to vacate so much of the May 1, 2017 order as granted that branch of the plaintiff's motion which was, in effect, to enforce the settlement agreements to the extent of awarding damages in favor of her and against the Mall defendants in the interests of substantial justice. A court has the inherent discretionary authority to vacate its own order in the interests of substantial justice when unique or unusual circumstances warrant such relief (see Gutierrez v Hillside Hotel, LLC, 234 AD3d 672, 674; Cox v Marshall, 161 AD3d 1140, 1142). A court's exercise of its inherent authority to vacate an order or judgment in the interests of substantial justice should ordinarily be reserved for instances involving "evidence of fraud, mistake, inadvertence, surprise, or excusable neglect" (Legal Servicing, LLC v Gomez, 229 AD3d 785, 787).
Here, the Mall defendants demonstrated that the portion of the May 1, 2017 order that was adverse to them was the product of a mistake. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [internal quotation marks omitted]; see Hanover Ins. Co. v Catlin Specialty Ins. Co., 218 AD3d 754, 755). In the case at bar, the settlement agreements provided that USI was responsible for the settlement amount of $355,000. The settlement agreements did not obligate the Mall defendants, or any other defendant apart from USI, to pay the settlement amount to the plaintiff. Indeed, during an on-the-record discussion among the parties, the Supreme Court acknowledged that its prior determination in the May 1, 2017 order was made by mistake based upon the court's misapprehension of the facts of the case. Under these unique and [*3]unusual circumstances, the record supports the court's exercise of discretion in vacating so much of the May 1, 2017 order as granted that branch of the plaintiff's motion which was, in effect, to enforce the settlement agreements to the extent of awarding damages in favor of her and against the Mall defendants in the interests of substantial justice (see HSBC Bank USA, N.A. v Pacifico, 230 AD3d 571, 573; Matter of Cassini, 182 AD3d 13, 56).
The Supreme Court also properly denied JCI's motion to dismiss the complaint insofar as asserted against it. CPLR 5524(b) provides that "[a] copy of the order of the court to which an appeal is taken determining the appeal, together with the record on appeal, shall be remitted to the clerk of the court of original instance except that where further proceedings are ordered in another court, they shall be remitted to the clerk of such court." The statute further provides that "[t]he entry of such copy shall be authority for any further proceedings," and "[a]ny judgment directed by the order shall be entered by the clerk of the court to which remission is made" (id.).
Here, JCI failed to demonstrate that this Court's decision and order dated May 20, 2020, which decided JCI's prior appeal (see Brown-Wilks v Vornado Realty Trust, 183 AD3d at 795), entitles JCI to dismissal of the complaint insofar as asserted against it pursuant to CPLR 5524(b). That decision and order did not direct the Supreme Court to dismiss the complaint insofar as asserted against JCI but instead found that the plaintiff had failed to provide sufficient evidence to support an order granting that branch of the plaintiff's motion which was, in effect, to enforce the settlement agreements to the extent of awarding damages in favor of her and against JCI (see Brown-Wilks v Vornado Realty Trust, 183 AD3d at 795). To the extent that JCI's motion sought relief pursuant to the doctrine of the law of the case, JCI similarly failed to show the applicability of that doctrine for the same reason (see U.S. Bank N.A. v Moss, 186 AD3d 1753, 1753; Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717).
The parties' remaining contentions either are without merit or need night be reached in light of our deermination.
DILLON, J.P., CHAMBERS, CHRISTOPHER and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court