HSBC Bank USA, N.A. v Donaldson
2026 NY Slip Op 03730
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

HSBC Bank USA, N.A., Plaintiff-Appellant,
v
Kavian Donaldson, Defendant-Respondent, Gregory Donaldson, et al., Defendants.

Decided and Entered: June 11, 2026
Index No. 35208/18|Appeal No. 6886|Case No. 2025-04811|
Before: Kennedy, J.P., Scarpulla, Friedman, Mendez, Pitt-Burke, JJ.

Logs Legal Group LLP, Rochester (Robert W. Griswald of counsel), for appellant.
Michael Kennedy Karlson, New York, for respondent.

[*1]
Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about May 2, 2025, which, to the extent appealed from as limited by the briefs, granted defendant Kavian Donaldson's motion for summary judgment on his counterclaim seeking cancellation and discharge of the subject mortgage to the extent of declaring that all claims under the mortgage are barred by the statute of limitations, discharging and canceling the mortgage, and dismissing plaintiff's cause of action for mortgage foreclosure with prejudice, unanimously affirmed, without costs.
This is a residential real estate foreclosure action concerning a note and mortgage executed by defendants-respondents borrowers (the borrowers) in 2006. The borrowers allegedly defaulted on the note in December 2007. A previous foreclosure action on the note and mortgage was dismissed in March 2012. Plaintiff-assignee of the note and mortgage commenced this action in March 2018, six years after dismissal of the first mortgage foreclosure action and more than ten years after the first alleged default on the note and mortgage.
Plaintiff is estopped by the Foreclosure Abuse Prevention Act (L 2022, ch 821) (FAPA) from asserting that the prior foreclosure action did not accelerate the underlying loan (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916 [2d Dept 2023]). The prior action was dismissed based on lack of personal jurisdiction, and there was no "expressed judicial determination" that the mortgage was not validly accelerated based on the prior action (CPLR 213[4][a]; cf. U.S. Bank Trust, N.A. v Gruen, 237 AD3d 996, 998-999 [2d Dept 2025]).
Further, plaintiff may not avail itself of the law of the case doctrine. To be sure, Supreme Court, in its November 2018 order denying defendant's pre-answer motion to dismiss this action, determined that it had not been shown that a proper acceleration occurred in connection with the prior foreclosure, so the "mere commencement of the prior foreclosure action did not accelerate the debt." However, upon reargument of defendant's later motion for a default judgment on his first counterclaim to discharge the mortgage as barred by the statute of limitations and plaintiff's cross-motion to file a late reply, the court acknowledged that it "erroneously went on to decide . . . whether the mortgage is barred by the statute of limitations," despite "numerous issues of fact . . . as to whether the [default] notice was served; whether the notice was served in violation of a bankruptcy and stay and whether it was a nullity." The court clarified that the statute of limitations was "still an open issue." Thus, it made no finding as to the validity or invalidity of any affirmative defense or counterclaim based on the statute of limitations. In any event, FAPA's subsequent enactment renders the law of the case argument academic (see Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722 [2d Dept 2006]).
[*2]
Finally, to the extent plaintiff challenges the constitutionality of FAPA as applied here, it has failed, as required, to serve the Attorney General and the constitutional claim is therefore foreclosed (see CPLR 1012 [b] [1]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026