Marcotrigiano v Dental Specialty Assoc., P.C. (2022 NY Slip Op 05845)

Marcotrigiano v Dental Specialty Assoc., P.C.

2022 NY Slip Op 05845

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-06484
 (Index No. 523224/16)

[*1]Melissa Marcotrigiano, respondent,
v
Dental Specialty Associates, P.C., defendant, Scott Howard Maurer, etc., appellant.

Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for appellant.
Jordan R. Pine & Associates, PLLC, Rock Hill, NY, for respondent.
Marulli, Mannarino, Erichsen & Tomaszewski, LLP, New York, NY (Samuel A. Messa and Francesca M. Erichsen of counsel), for defendant.

DECISION & ORDER
In an action, inter alia, to recover damages for dental malpractice, the defendant Scott Howard Maurer appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated August 16, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action alleging, inter alia, dental malpractice by filing a summons and complaint dated December 19, 2016, and serving it upon the defendant Dental Specialty Associates, P.C. (hereinafter the P.C.), on January 11, 2017. The plaintiff alleges that her injuries were caused by the negligence of Wayne Maurer during a course of treatment which lasted until November 2015, and that the P.C. is vicariously liable. The complaint named Maurer as a defendant, but Maurer had died on November 3, 2015. On October 31, 2017, the Supreme Court stayed all proceedings in the action pending the appointment of a representative for Maurer's estate. On October 17, 2018, Scott Howard Maurer (hereinafter the administrator) was appointed administrator of Maurer's estate.
In June 2020, the Supreme Court so-ordered a stipulation between the plaintiff and the P.C. which provided, inter alia, for the lifting of the stay and for the amendment of the complaint to add the administrator as a defendant. On July 20, 2020, the plaintiff filed a supplemental summons and amended complaint, which was served on the administrator on August 20, 2020. In September 2020, the administrator moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against him on the ground that it was time-barred. The Supreme Court, inter alia, denied that branch of the administrator's motion, and the administrator appeals.
"'A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired'" (Chvetsova v Family Smile Dental, 202 AD3d 657, 659, quoting Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850). The statute of limitations for dental malpractice is two years and six months (see CPLR 214-a), which is tolled an additional eighteen months after the death of a potential defendant (see id. § 210[b]). Here, the administrator met his prima facie burden by submitting, inter alia, a copy of the amended complaint, which was filed more than four years after the course of treatment allegedly ended in November 2015.
Consequently, the burden shifted to the plaintiff to present evidence raising a question of fact as to whether the relation-back doctrine applied (see Buran v Coupal, 87 NY2d 173, 178; Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982). The relation-back doctrine "enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the limitations period has expired" (Buran v Coupal, 87 NY2d at 177; see CPLR 203[f]). In order for claims against one defendant to relate back to claims asserted against another, a plaintiff must demonstrate (1) that both claims arose out of the same conduct, transaction, or occurrence, (2) that the new party is "united in interest" with the original defendant such that it may be charged with such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits, and (3) that the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the new defendant as well (see Buran v Coupal, 87 NY2d at 178-181; Petruzzi v Purow, 180 AD3d 1083; Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d 522; Myung Hwa Jang v Mang, 164 AD3d 803).
Here, in opposition to the administrator's motion the plaintiff raised a question of fact as to whether the relation-back doctrine applied. First, the administrator does not dispute that the claims against the P.C. and the administrator arose out of the same conduct, transaction, or occurrence. Second, the plaintiff raised a question of fact with respect to whether the P.C. and the administrator are united in interest by submitting, inter alia, her own affidavit, in which she stated that she arrived at the P.C. for treatment and was "assigned" to Maurer by the P.C.'s receptionist (see Rivera v Wyckoff Hgts. Med. Ctr., 175 AD3d at 524; cf. Mondello v New York Blood Ctr. — Greater N.Y. Blood Program, 80 NY2d 219, 226-227, 229; Hill v St. Clare's Hosp., 67 NY2d 72, 81-82). Third, the plaintiff raised a question of fact as to "whether the defendant could have reasonably concluded that the failure to sue within the limitations period meant that there was no intent to sue that person at all and that the matter has been laid to rest as far as he [or she] is concerned" (Buran v Coupal, 87 NY2d at 181 [internal quotation marks and emphasis omitted]). With regard to this third prong, the plaintiff submitted, inter alia, her own affidavit in which she stated that Maurer performed the treatment that gave rise to this action, copies of her prescriptions, which were created by Maurer, and her counsel's correspondence with Maurer's malpractice insurer, which demonstrated that the insurer had actual notice of this action before the statute of limitations expired (see Petruzzi v Purow, 180 AD3d at 1085; cf. Laurenti v Teatom, 210 AD2d 300, 301; Saulo v Noumi, 119 AD2d 657, 658). In addition, the plaintiff demonstrated that the attempt to sue Maurer was the result of a mistake, and there was no need to show that such mistake was excusable (see Buran v Coupal, 87 NY2d at 179-180; Petruzzi v Purow, 180 AD3d at 1085).
The administrator's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the administrator's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against him.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court