Lipszyc v Lipszyc (2023 NY Slip Op 06132)

Lipszyc v Lipszyc

2023 NY Slip Op 06132

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-05916
 (Index No. 615689/19)

[*1]Brocha Lipszyc, appellant, 
v
Shmuel Munish Lipszyc, et al., respondents.

Law Offices of Eyal Talassazan, P.C., Garden City, NY, for appellant.
Sokolski & Zekaria, P.C., New York, NY (Daphna Zekaria of counsel), for respondent Shmuel Munish Lipszyc.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Greg S. Zucker and Michael J. Gelfand of counsel), for respondent Chabad Lubavitch of Plainview, Inc.

DECISION & ORDER
In an action, inter alia, for a judgment declaring a conveyance of real property to be null and void based upon fraud and to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), dated June 24, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendant Chabad Lubavitch of Plainview, Inc., which were for summary judgment dismissing the causes of action alleging fraud and constructive trust insofar as asserted against it, in effect, upon searching the record, awarded summary judgment to the defendant Shmuel Munish Lipszyc dismissing those causes of action insofar as asserted against him, and denied the plaintiff's cross-motion for leave to amend the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant Chabad Lubavitch of Plainview, Inc., which was for summary judgment dismissing the cause of action alleging fraud insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof, in effect, upon searching the record, awarding summary judgment to the defendant Shmuel Munish Lipszyc dismissing the cause of action alleging fraud insofar as asserted against him; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
In 1999, the plaintiff Brocha Lipszyc (hereinafter Brocha) and the defendant Shmuel Munish Lipszyc (hereinafter Shmuel) purchased their marital residence in Woodbury, Nassau County (hereinafter the Woodbury property), taking title as tenants by the entirety. They then began operating a Chabad center from the Woodbury property. In August 1999, Brocha and Shmuel transferred ownership of the Woodbury property to the defendant Chabad Lubavitch of Plainview, Inc. (hereinafter the Chabad). Shmuel is allegedly the "sole stockholder, officer and Director" of the Chabad. After the transfer, Brocha and Shmuel continued to reside and operate the Chabad center there.
In 2018, Brocha commenced an action for divorce against Shmuel. Allegedly, it was then that she realized that she had not retained an equitable interest in the Woodbury property and that it would not be considered marital property. In 2019, Brocha commenced this action against the defendants seeking, among other things, a judgment declaring that the conveyance of the Woodbury property to Chabad was null and void based upon fraud, and to impose a constructive trust. Brocha alleged that Shmuel had convinced her to transfer her interest in the Woodbury property by representing that she would always have "an equitable interest" in the property, and that the transfer was for a tax benefit and for "convenience purposes" only. Chabad moved for summary judgment dismissing the complaint insofar as asserted against it, and Brocha cross-moved for leave to amend the complaint. The Supreme Court granted Chabad's motion, concluding, inter alia, that the fraud and constructive trust causes of action were time-barred, and, in effect, upon searching the record, awarded summary judgment in favor of Shmuel dismissing those causes of action insofar as asserted against him. The court denied Brocha's cross-motion. Brocha appeals.
A cause of action based on fraud must be commenced within six years of the fraud or within two years from the time that the plaintiff discovered the fraud or with reasonable diligence could have discovered it (see CPLR 213[8]; 203[g]; Sargiss v Magarelli, 12 NY3d 527, 532). "The inquiry as to whether a plaintiff could, with reasonable diligence, have discovered the fraud turns on whether the plaintiff was possessed of knowledge of facts from which the fraud could be reasonably inferred. Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute. Where it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a [cause of action] should not be dismissed on motion and the question should be left to the trier of facts" (Sargiss v Magarelli, 12 NY3d at 532 [citation, alterations, and internal quotation marks omitted]; see Rattner v York, 174 AD2d 718, 721).
Here, Chabad established that the fraud cause of action was instituted more than six years from the date of the alleged act of fraud. However, the plaintiff alleges that she did not discover the fraud until 2018 when she commenced the divorce action. In support of its motion, Chabad failed to establish, prima facie, that the alleged fraud could have been discovered earlier with reasonable diligence, and, therefore, failed to establish that the cause of action was time-barred (see Sargiss v Magarelli, 12 NY3d at 532; Ferdico v Pabone, 125 AD3d 718, 719; Vilsack v Meyer, 96 AD3d 827, 829). Therefore, the Supreme Court should have denied that branch of Chabad's motion and, for the same reasons, it also erred in awarding summary judgment dismissing that cause of action insofar as asserted against Shmuel.
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court