Valdez v M.A. Angeliades, Inc. (2023 NY Slip Op 06554)

Valdez v M.A. Angeliades, Inc.

2023 NY Slip Op 06554

Decided on December 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-01301
 (Index No. 9932/10)

[*1]Sharon Denise Valdez, appellant, 
v
M.A. Angeliades, Inc., defendant third-party plaintiff-respondent, et al., defendants, City of New York, defendant third-party defendant-respondent. Joesph A. Deliso, Brooklyn, NY, for appellant.

Hall Booth Smith, P.C., New York, NY (Louis E. Valvo of counsel), for respondent M.A. Angeliades, Inc.
Ahmuty, Demers & McManus, New York, NY (Kevin G. Mescall of counsel), for respondent City of New York.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 14, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant third-party plaintiff, M.A. Angeliades, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, and granted the motion of the defendant third-party defendant, City of New York, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In 2010, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained due to a motor vehicle collision between the vehicle she was driving and another vehicle. M.A. Angeliades, Inc. (hereinafter Angeliades), was named as a defendant. Angeliades commenced a third-party action against the City of New York. In 2016, the plaintiff filed an amended complaint naming the City as a defendant in the action. Among the plaintiff's allegations in the amended complaint were that barriers placed by Angeliades, as part of a construction project on property owned by the City, diverted, obstructed, or blocked the view of oncoming traffic and caused the collision.
Angeliades moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. The City moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. In an order dated November 14, 2019, the Supreme Court, among other things, granted that branch of Angeliades' motion, and granted the City's motion. The plaintiff appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability [*2]in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely (see id. at 140).
In this case, Angeliades made a prima facie showing of its entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it. It demonstrated that the plaintiff was not a party to the relevant construction contract, and so it owed no duty of care to the plaintiff. Angeliades also established, prima facie, that the one Espinal exception alleged by the plaintiff in her pleadings—that Angeliades launched a force or instrument of harm—is not applicable here (see Espeleta v Synergy Resources, Inc., 172 AD3d 1320, 1321). The plaintiff did not raise a triable issue of fact in opposition to Angeliades' prima facie showing. Thus, the Supreme Court properly granted that branch of Angeliades' motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
Turning to the City's motion, a defendant moving pursuant to CPLR 3211(a)(5) to dismiss a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to sue has expired (see Artup v Simeone, 189 AD3d 1143, 1145). Here, it is undisputed that the City sustained its initial burden of demonstrating, prima facie, that the action was untimely insofar as asserted against it (see General Municipal Law § 50-i[1]).
Consequently, the burden shifted to the plaintiff to present evidence raising a question of fact as to whether the relation-back doctrine applied (see Buran v Coupal, 87 NY2d 173, 178; Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d 850, 851). For claims against one defendant to relate back to claims asserted against another, a plaintiff must demonstrate (1) that both claims arose out of the same conduct, transaction, or occurrence, (2) that the new party is united in interest with the original defendant such that it may be charged with such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits, and (3) that the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the new defendant as well (see Buran v Coupal, 87 NY2d at 178-181; Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d at 852). In this case, as the Supreme Court correctly determined, the plaintiff failed to satisfy the second prong of the test and, moreover, failed to satisfy the third prong of the test. Thus, the Supreme Court properly granted the City's motion pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred.
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court