Weinberg Real Estate Affiliates, LLC v Weinberg (2024 NY Slip Op 04799)

Weinberg Real Estate Affiliates, LLC v Weinberg

2024 NY Slip Op 04799

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-09658
 (Index No. 65941/20)

[*1]Weinberg Real Estate Affiliates, LLC, etc., et al., appellants, 
v
Audrey Weinberg, etc., et al., respondents.

Piscionere & Nemarow, P.C., Rye, NY (Anthony G. Piscionere of counsel), for appellants.
Benowich Law, LLP, White Plains, NY (Leonard Benowich of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for fraud, breach of fiduciary duty, and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated January 21, 2022. The order granted the motion of Theodore Weinberg pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of Theodore Weinberg which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud and breach of fiduciary duty, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff William Weinberg (hereinafter William), Theodore Weinberg (hereinafter Theodore), and Saul Weinberg were brothers who formed several corporate entities in order to engage in and conduct certain business ventures together, including the purchase and development of real estate. In 2020, Theodore commenced a proceeding to inspect certain corporate books and records (hereinafter the books and records proceeding) against several entities of which William was a member. Thereafter, in December 2020, William and several corporate entities commenced this action against Theodore to recover damages for fraud, breach of fiduciary duty, and unjust enrichment. The amended complaint alleged, inter alia, that in 2004 and 2005, Theodore represented to William that a corporate plaintiff would be purchasing certain real properties located in Hartsdale and New Rochelle. The amended complaint further alleged that William discovered in 2020, during the books and records proceeding, that Theodore had assigned the contracts of sale for those properties to an entity owned solely by Theodore rather than one of the corporate plaintiffs, thereby defrauding the plaintiffs.
Theodore moved pursuant to CPLR 3211(a) to dismiss the amended complaint on the ground, among others, that it was time-barred. The Supreme Court granted the motion. Theodore subsequently died, and the administrators of his estate were substituted in his place in this action. The plaintiffs appeal.
"A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850; see Valdez v M.A. Angeliades, Inc., 222 AD3d 911, 912). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Lurie v Lurie, 226 AD3d 997, 998).
"A cause of action alleging unjust enrichment is governed by a six-year statute of limitations and begins to accrue upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered" (Mahabir v Snyder Realty Group, Inc., 217 AD3d 850, 852; see CPLR 213[1], [8]; Coombs v Jervier, 74 AD3d 724, 724). Here, the cause of action to recover damages for unjust enrichment accrued more than six years prior to the commencement of this action, when the allegedly fraudulent transactions occurred, and therefore, this cause of action was time-barred. Contrary to the plaintiffs' contention, they did not demonstrate that the doctrine of equitable estoppel should toll the statute of limitations. The plaintiffs failed to allege that they were "induced by fraud, misrepresentation, or deception to refrain from filing a timely action" (Cedarwood Assoc., LLC v County of Nassau, 211 AD3d 799, 800; see Kramer v Meridian Capital Group, LLC, 201 AD3d 909, 912; Financial Assistance, Inc. v Graham, 191 AD3d 952, 955), and the allegations of concealment are conclusory and unsubstantiated (see Gleason v Spota, 194 AD2d 764, 765). Accordingly, the Supreme Court properly granted that branch of Theodore's motion which was to dismiss the cause of action alleging unjust enrichment as time-barred.
An action to recover damages for fraud must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213[8]). "Where a plaintiff relies upon the two-year discovery exception to the six-year limitations period, the burden of establishing that the fraud could not have been discovered prior to the two-year period before the commencement of the action rests on the plaintiff who seeks the benefit of the exception" (Pare v Pare, 222 AD3d 765, 768 [internal quotation marks omitted]; see Cannariato v Cannariato, 136 AD3d 627, 627). "The inquiry as to whether a plaintiff could, with reasonable diligence, have discovered the fraud turns on whether the plaintiff was possessed of knowledge of facts from which the fraud could be reasonably inferred" (Sargiss v Magarelli, 12 NY3d 527, 532 [alterations and internal quotation marks omitted]; see Lipszyc v Lipszyc, 221 AD3d 992, 994).
Here, Theodore demonstrated that the allegedly fraudulent transactions occurred more than six years prior to the commencement of this action and, thus, met his initial burden of establishing, prima facie, that the time in which to interpose the cause of action alleging fraud expired prior to the commencement of this action. However, the plaintiffs alleged that they did not discover the alleged fraud until the books and records proceeding in 2020, which was less than two years before this action was commenced (see Sargiss v Magarelli, 12 NY3d at 532; Lipszyc v Lipszyc, 221 AD3d at 994). Contrary to the Supreme Court's determination, there is a question of fact as to whether the plaintiffs possessed knowledge of facts from which the fraud could have been discovered with reasonable diligence more than two years prior to the commencement of this action in December 2020 (see Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 905; Oggioni v Oggioni, 46 AD3d 646, 649). Accordingly, that branch of Theodore's motion which was to dismiss the cause of action alleging fraud should have been denied.
Similarly, the Supreme Court also should have denied that branch of Theodore's motion which was to dismiss the cause of action alleging breach of fiduciary duty as time-barred. The limitations period set forth in CPLR 213(8) is applicable since the allegations of fraud are essential to, not merely incidental to, the breach of fiduciary duty cause of action (see Statharos v Statharos, 219 AD3d 651, 652; cf. IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139), and a question of fact exists regarding when the plaintiffs, with reasonable diligence, could [*2]have discovered the alleged fraud (see DiRaimondo v Calhoun, 131 AD3d 1194, 1197).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court