Cotto v Robinson (2025 NY Slip Op 07374)

Cotto v Robinson

2025 NY Slip Op 07374

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
WILLIAM G. FORD
PHILLIP HOM, JJ.

2024-03708
 (Index No. 517690/17)

[*1]Alfredo Cotto, appellant, 
vDwayne W. Robinson, et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Carman, Callahan & Ingham, LLP, Farmingdale, NY (Anne P. O'Brien of counsel), for respondents Dwayne W. Robinson, EAN Holdings, LLC, and ELRAC, LLC.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Patrick W. Brophy of counsel), for respondent Securitas Electronic Security, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated December 14, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendants Dwayne W. Robinson, EAN Holdings, LLC, and ELRAC, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against the defendants EAN Holdings, LLC, and ELRAC, LLC, and granted that branch of the motion of the defendant Securitas Electronic Security, Inc., which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
On April 14, 2017, the plaintiff allegedly was injured when a vehicle he was operating collided with a rental vehicle operated by the defendant Dwayne W. Robinson. The rental vehicle operated by Robinson allegedly was owned by the defendants EAN Holdings, LLC, and ELRAC, LLC (hereinafter together the ELRAC defendants), which were wholly owned affiliates and subsidiaries of nonparty Enterprise Holdings, Inc.
In September 2017, the plaintiff commenced this action against Robinson and the ELRAC defendants to recover damages for personal injuries. The complaint alleged, inter alia, that Robinson was operating the rental vehicle during the accident within the scope of his employment with the ELRAC defendants. Robinson and the ELRAC defendants interposed an answer in which they asserted, as an affirmative defense, that pursuant to the Graves Amendment (see 49 USC § 30106), the ELRAC defendants could not be held vicariously liable for the accident.
Thereafter, Robinson and the ELRAC defendants moved, among other things, for summary judgment dismissing the complaint insofar as asserted against the ELRAC defendants on the grounds that the ELRAC defendants were shielded from vicarious liability by the Graves [*2]Amendment and were not otherwise liable in the happening of the accident. The plaintiff opposed the motion. In an order dated October 20, 2022, the Supreme Court granted the motion.
In November 2022, the plaintiff moved, inter alia, for leave to amend the complaint to add Securitas Electronic Security, Inc. (hereinafter Securitas), as a defendant. In support, the plaintiff asserted that he learned from Robinson's deposition, conducted after the expiration of the applicable statute of limitations, that Robinson was actually employed by Securitas at the time of the accident. In an order dated January 19, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to amend the complaint to add Securitas as a defendant.
On January 23, 2023, the plaintiff filed an amended complaint naming Robinson, the ELRAC defendants, and Securitas as defendants. Thereafter, Robinson and the ELRAC defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against the ELRAC defendants. In support, they argued, among other things, that the ELRAC defendants were entitled to summary judgment dismissing the amended complaint insofar as asserted against them based upon the doctrine of the law of the case, as the Supreme Court had already determined, in the order dated October 20, 2022, that the ELRAC defendants were shielded from vicarious liability by the Graves Amendment. Securitas moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. In an order dated December 14, 2023, the court, among other things, granted that branch of the motion of Robinson and the ELRAC defendants which was for summary judgment dismissing the amended complaint insofar as asserted against the ELRAC defendants and granted that branch of Securitas's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. The plaintiff appeals.
"'The doctrine of the law of the case seeks to prevent litigation of issues of law that have already been determined at an earlier stage of the proceeding'" (U.S. Bank N.A. v Moss, 186 AD3d 1753, 1753, quoting Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722). "The law of the case doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision and to the same questions presented in the same case" (id. [citations and internal quotation marks omitted]; see Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717).
Here, the determination in the order dated October 20, 2022, from which the plaintiff did not appeal, that the ELRAC defendants were shielded from vicarious liability by the Graves Amendment was the law of the case (see Citimortgage, Inc. v Pierce, 203 AD3d 878, 880). Since the amended complaint did not allege any new facts against the ELRAC defendants, those defendants were entitled to summary judgment dismissing the amended complaint insofar as asserted against them based upon the doctrine of the law of the case. Although this Court is not bound by the law of the case doctrine and may make its own determination (see Irizarry v Rosselli, 229 AD3d 778, 780; Vehifax Corp. v Georgilis, 205 AD3d 973, 975-976), under the circumstances of this case, we decline to exercise our discretion to consider the plaintiff's contentions regarding the ELRAC defendants' entitlement to summary judgment dismissing the amended complaint insofar as asserted against them on the merits (see Matter of Simpson v Cyrius, 220 AD3d 708, 709; Certain Underwriters at Lloyd's London v North Shore Signature Homes, Inc., 125 AD3d 799, 800).
"A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d 850, 851 [internal quotation marks omitted]; see CPLR 3211[a][5]). Pursuant to CPLR 214(5), an action to recover damages for personal injuries, with certain exceptions not relevant here, is subject to a three-year statute of limitations. Here, Securitas met its prima facie burden by demonstrating that the time within which to commence an action based on the accident on April 14, 2017, had expired prior to the plaintiff's filing of the amended complaint naming Securitas as a defendant (see id.; 9 NYCRR 8.202.8, 8.202.67; Williams v Ideal Food Basket, LLC, 219 AD3d 917, 918).
Thus, "the burden shifted to the plaintiff to raise a question of fact as to whether the [*3]relation-back doctrine applied" (Fitzpatrick v City of New York, 232 AD3d 670, 672). "The relation-back doctrine enables a plaintiff to correct a pleading error—by adding either a new claim or a new party—after the limitations period has expired" (Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d at 851-852 [internal quotation marks omitted]). "In order for claims against one defendant to relate back to claims asserted against another, a plaintiff must demonstrate (1) that both claims arose out of the same conduct, transaction, or occurrence, (2) that the new party is united in interest with the original defendant such that it may be charged with such notice of the institution of the action that it will not be prejudiced in maintaining its defense on the merits, and (3) that the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against the new defendant as well" (id. at 852 [internal quotation marks omitted]; see Wilson v Rye Family Realty, LLC, 218 AD3d 836, 838).
Here, the first prong of the relation-back doctrine was satisfied. The claims against Securitas and the claims against the original defendants arose out of the same occurrence, specifically, the accident (see Fitzpatrick v City of New York, 232 AD3d at 672). In addition, the plaintiff satisfied the second prong by establishing that Securitas was united in interest with Robinson, as it could be held vicariously liable for any negligence by Robinson, who was employed by Securitas and allegedly was acting within the scope of his employment with Securitas at the time of the accident (see Bisono v Mist Enters., Inc., 231 AD3d 134, 142; Marrone v Miloscio, 145 AD3d 996, 999).
However, the plaintiff failed to meet his burden as to the third prong of the relation-back doctrine. The plaintiff did not present any evidence that Securitas was aware of the accident, let alone the commencement of this action, within the limitations period (see Patterson v Nassau County Social Servs. Dept., 231 AD3d 742, 744; Flederbach v Fayman, 57 AD3d 474, 475). Moreover, contrary to the plaintiff's contention, no evidence was presented showing that Securitas was on notice of any damage to the rental vehicle, which was rented in Robinson's name. Thus, the plaintiff failed to establish that Securitas either knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against it as well (see Fitzpatrick v City of New York, 232 AD3d at 673). Accordingly, the Supreme Court properly granted that branch of Securitas's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred.
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, FORD and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court