Duncan v Cadman Assoc. LLC (2026 NY Slip Op 50240(U))

[*1]

Duncan v Cadman Assoc. LLC

2026 NY Slip Op 50240(U)

Decided on March 2, 2026

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 2, 2026
Supreme Court, Kings County

Germin Duncan, Plaintiff,

againstCadman Associates LLC, LISA MANAGEMENT INC., CONSIGLI & ASSOCIATES, LLC, BENCHMARK BUILDERS, LLC and STARR INDUSTRIES NY LLC, Defendants.
CADMAN ASSOCIATES LLC, and CONSIGLI AND ASSOCIATES, LLC, Third-Party Plaintiffs,
againstBROOKLYN PUBLIC LIBRARY, BENCHMARK BUILDERS, LLC and STARR INDUSTRIES, LLC, Third-Party Defendants.

Index No. 500414/2023

Attorney for Plaintiff
Robert Lance Rose
Leav & Steinberg, LLP
75 Broad Street, Suite 601, New York, NY 10004
(212) 766-5222
rrose@lstriallaw.com
Attorney for Defendant/Third Party Petitioner Cadman Associates LLC
None recorded
Attorney for Defendant Lisa Management Inc.
Edward Fogarty
LITCHFIELD CAVO
420 Lexington Avenue
New York, NY 10170
(212) 434-0101
fogarty@litchfieldcavo.com
Attorney for Defendant/Third Party Petitioner Consigli & Associates, LLC
Jamie Todd Packer
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP
555 5th Avenue 8th Floor
New York, NY 10017
(212) 730-7750
jpacker@nicolettilaw.com
Attorney for Third Party Respondent Benchmark Builders, LLC
Seth Harris Cohn
FABIANI COHEN & HALL, LLP
570 Lexington Ave Fl 4
New York, NY 10022
(212) 644-4420
cohns@fchllp.com
Attorney for Third Party Respondent Starr Industries, LLC
Christina Hansbury
Lewis Brisbois Bisgaard & Smith
77 Water Street Suite 2100
New York, NY 10005
(646) 783-0909
christina.bruno@lewisbrisbois.com
Attorney for Third Party Respondent Brooklyn Public Library
Maureen E. Peknic
YAPCHANYK, PREZIOSO & YANG
550 Madison Avenue, 10th Fl.
New York, NY 10022
(212) 612-4200
mpeknic@eustacelaw.com

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on August 13, 2025, under motion sequence number three, by defendant/third-party defendant Benchmark Builders, LLC, (hereinafter Benchmark LLC) for an order pursuant to pursuant to CPLR 3211 (a) (1) dismissing the plaintiff's complaint in its entirety and any and all cross-claims against Benchmark LLC on the basis that documentary evidence establishes that Benchmark LLC has an absolute defense to the claims asserted against it. The motion is opposed.
Notice of motion
Affirmation in support
Exhibits A-D
Affidavit in opposition
Affirmation in reply
Exhibits A-C
Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on December 8, 2025, under motion sequence number four, by third-party defendant, Starr Industries NY LLC [FN1]
for an order pursuant to CPLR 3211 (a) (1), dismissing the plaintiff's complaint in its entirety and any and all cross-claims against the third-party defendant, Starr Industries NY LLC, on the basis that documentary evidence establishes that the third-party defendant, Starr Industries NY LLC, has an absolute defense to the claims asserted against it. The motion is opposed.
Notice of motion
Affirmation in support
Exhibits A-D
Affirmation in opposition
Affirmation in reply [FN2]

Exhibits B-E
BACKGROUND
On January 5, 2023, plaintiff commenced the instant action for damages for personal injury asserted against defendants Cadman Associates LLC, Consigli & Associates LLC, and Lisa Management by filing a summons and verified complaint with the Kings County Clerk's office (hereinafter KCCO). 
On March 13, 2023, defendants Cadman Associates LLC and Consigli & Associates LLC interposed and filed a verified answer with the KCCO. 
On August 18, 2023, defendant Lisa Management interposed and filed a verified answer with the KCCO.
On December 11, 2023, the plaintiff filed an amended verified complaint with the KCCO.
On December 13, 2023, the defendants Cadman Associates LLC and Consigli & [*2]Associates LLC interposed and filed a verified answer to the amended verified complaint with the KCCO. 
On December 22, 2023, defendant Lisa Management interposed and filed a verified answer to the amended verified complaint with the KCCO.
On May 5, 2025, plaintiff filed a motion under motion sequence number one, seeking to amend the complaint to add Benchmark Builders LLC and Starr Industries NY LLC as defendants.
On May 9, 2025, defendants/third-party plaintiffs, Cadman Associates LLC and Consigli and Associates, LLC, impleaded Benchmark Builders as a third-party defendant.
By decision and order dated July 31, 2025, and entered on August 4, 2025, the Court granted plaintiff's motion under sequence number one giving the plaintiff leave to amend the complaint to add Benchmark Builders LLC and Starr Industries NY LLC as defendants. The Court also ordered that all parties who appeared in the action were deemed served with the amended complaint.
The amended complaint alleges one hundred and seven allegations of fact in support of a single cause of action for damages for personal injury. The amended verified complaint alleges some of the following salient facts. On March 20, 2022, while plaintiff was lawfully within the real property located in front of a certain address in Kings County, New York (hereinafter the subject premises), the plaintiff was caused to trip and fall (hereinafter the subject accident) because of a dangerous condition thereat and sustained severe and serious personal injuries. Plaintiff was walking on the sidewalk that was to be used as a walkway for pedestrians, when plaintiff was caused to trip and fall over construction material, a temporary ramp and/or construction debris negligently left on the subject property by the defendants.
LAW AND APPLICATION
Benchmark LLC seeks an order pursuant to CPLR 3211 (a) (1) dismissing the plaintiff's complaint in its entirety and all cross-claims asserted against it on the basis that documentary evidence establishes that Benchmark LLC, has an absolute defense to the claims asserted against it.
Starr Industries NY LLC also seeks an order pursuant to CPLR 3211 (a) (1) dismissing the plaintiff's complaint in its entirety and all cross-claims against it on the basis that documentary evidence establishes that the third-party defendant, Starr Industries NY LLC, has an absolute defense to the claims asserted against it.
A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211 (a) (1) may be granted "only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (see Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326 [2002], citing Leon v Martinez, 84 NY2d 83, 88 [1994]).
"[T]o be considered documentary, evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86 [2d Dept 2010] [internal quotation marks omitted]; Minchala v 829 Jefferson, LLC, 177 AD3d 866, 867 [2d Dept 2019]). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v. John Doe 1, 73 AD3d 78, 84-85 [2d Dept 2010] [internal quotation marks omitted]).
Both Benchmark LLC and Starr Industries NY LLC (hereinafter the movants) made the exact same argument, namely, that the action asserted against each of them was time-barred. Although the motions were made pursuant to CPLR 3211 (a) (1), both motions should have been made pursuant to CPLR 3211 (a) (5). 
CPLR 3211 (a) (5), as relevant here, provides that a party may move for judgment dismissing one or more causes of action asserted against on the grounds that the causes of action are barred by the statute of limitations. The plaintiff understood the defendants' motions as claiming that the actions were time-barred. Pursuant to CPLR 2001, the Court disregarded the movants' use of CPLR 3211 (a) (1) instead of CPLR 3211 (a) (5).
"A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired" (Fitzpatrick v City of New York, 232 AD3d 670, 671 [2d Dept 2024]). "Pursuant to CPLR 214 (5), an action to recover damages for personal injuries, with certain exceptions not relevant here, is subject to a three-year statute of limitations" (Fitzpatrick v City of New York, 232 AD3d 670, 672 [2d Dept 2024]). Here, there is no dispute that the instant action was commenced on January 5, 2023, and that the plaintiff's accident occurred on March 20, 2022. Thus, the plaintiff timely commenced the instant action against Cadman Associates LLC, Consigli & Associates LLC, and Lisa Management. 
However, by decision and order dated July 31, 2025, and entered on August 4, 2025, the Court gave the plaintiff leave to amend the complaint to add Benchmark Builders LLC and Starr Industries NY LLC as defendants. The Court also directed that all parties who appeared in the action were deemed served with the amended complaint. Based on the Court's order dated July 31, 2025, and entered on August 4, 2025, the action was commenced against Benchmark LLC and Starr Industries NY LLC effective August 4, 2025, more than three years after the subject accident. 
By these facts alone, Benchmark LLC and Starr Industries NY LLC have made a prima facie showing that the actions were untimely commenced against them (see Fitzpatrick v City of New York, 232 AD3d 670, 671-672 [2d Dept 2024]; see Patrick v Comprehensive Med. Supply, LLC, 225 AD3d 777, 778 [2d Dept 2024]). "Consequently, the burden shifted to the plaintiff to present evidence raising a question of fact as to whether the relation-back doctrine applied" (see Marcotrigiano v Dental Specialty Assoc., P.C., 209 AD3d 850, 851 [2d Dept 2022]).
"The relation-back doctrine allows a party to be added to an action after the expiration of the statute of limitations, and the claim is deemed timely interposed, if (1) the claim arises out of the same conduct, transaction, or occurrence," (Estate of Stengel v Good Samaritan Hosp., 214 AD3d 954 [2d Dept 2023]) "(2) the new party is united in interest with one or more of the original defendants, and by reason of that relationship can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining his or her defense on the merits[,] and (3) the new [party] knew or should have known that but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against [it] as well" (Sainplice v Tuizer, 244 AD3d 774, 775 [2d Dept 2025]).
The plaintiff's claims against Cadman Associates LLC and Consigli & Associates LLC are based on the same occurrence as the claims asserted against Benchmark LLC and Starr Industries NY LLC, namely the subject accident. Here, there is no dispute that the first prong of the relation-back doctrine was established. However, the plaintiff failed to establish the second and third prongs of the relation-back doctrine. "Concerning the second prong, parties are united [*3]in interest when their interests in the subject matter are such that they will stand or fall together with respect to the plaintiff's claim" (Murphy v Westchester One, LLC, 241 AD3d 698, 700 [2d Dept 2025], citing Ragusa v Drazie's Farm II, LLC, 226 AD3d 836, 837 [2d Dept 2024]). "In a negligence action, the defenses available to two defendants will be identical, and thus their interests will be united, only where one is vicariously liable for the acts of the other" (Murphy v Westchester One, LLC, 241 AD3d 698, 700 [2d Dept 2025], citing Moceri v Town of Islip, 225 AD3d 856, 858 [2d Dept 2024], and citing Sanders v Guida, 213 AD3d 712, 715 [2d Dept 2023]).
In opposition to the motions by Benchmark LLC and Starr Industries NY LLC, plaintiff has contended that based on the Court's order dated July 31, 2025, and entered on August 4, 2025, which granted plaintiff leave to add them as parties, the Court already decided that the relation-back doctrine applied and that the actions were there timely commenced against them. Plaintiff further reasoned that the doctrine of law of the case precluded the movants attempt to relitigate the issue of timeliness. 
The Court granted the plaintiff leave to add the movants as party defendants because the allegations of fact in the proposed amended pleading adding them as parties set forth cognizable claims. Rightly or wrongly, the Court reasoned that a plaintiff need not plead the inapplicability of an affirmative defense, such as the statute of limitations, to plead a viable claim. Inasmuch as the statute of limitations is an affirmative defense which may be waived, the Court's decision was not based on the application of the relation-back doctrine or a finding that the action was timely commenced against the movants. Consequently, the law of the case doctrine does not apply to bar the movants' respective motions.
The Court hereby addresses the relation-back doctrine for the first time on the basis that the movants have affirmatively asserted it in a pre-answer motion to dismiss as a bar to the action. The Court finds that based on the allegations of fact in the amended verified complaint the movants are not vicariously liable for the acts or omissions of Cadman Associates LLC and Consigli & Associates LLC, the originally named defendants. Therefore, the claims of negligence asserted against the movants do not relate back and are time-barred.
The movants also moved to dismiss all cross-claims asserted against them. "CPLR 2214 (a) provides that a notice of motion shall 'specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor' " (Abizadeh v Abizadeh, 159 AD3d 856, 857 [2d Dept 2018], citing Shields v Carbone, 99 AD3d 1100, 1102 [3d Dept 2012]). Contrary to the requirements of CPLR 2214 (a), the movants provided no law or argument in support of this branch of the branch of their respective motions seeking to dismiss all cross-claims asserted against them. In their respective motion papers, the movants say nothing more about this branch of their respective motions. To the extent that any cross-claims are asserted against each of them, they were not identified. This branch of the motion is denied without prejudice for failure to comply with CPLR 2214 (a).
CONCLUSION
The branch of the motion by defendant Benchmark Builders, LLC for an order pursuant to CPLR 3211 (a) dismissing the plaintiff's complaint as time-barred is granted. 
The branch of the motion by defendant Benchmark Builders, LLC for an order pursuant to CPLR 3211 (a) dismissing all cross-claims against it is denied without prejudice.
The branch of the motion by defendant Starr Industries NY LLC for an order pursuant to [*4]CPLR 3211 (a) dismissing the plaintiff's complaint as time-barred is granted.
The branch of the motion by defendant Starr Industries NY LLC for an order pursuant to CPLR 3211 (a) dismissing all cross-claims against it is denied without prejudice.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.

Footnotes

Footnote 1:The third-party summons and complaint does not have a third-party defendant named "Starr Industries NY LLC." Rather, this defendant is a named defendant in the amended summons and complaint, under NYSCEF doc. nos. 54-55). However, the third-party summons and complaint names "Starr Industries LLC" as a third-party defendant, under NYSCEF doc. no. 41. While the Court recognizes the similarities of the names of these two parties, it remains unclear whether the defendant "Starr Industries NY LLC" and third-party defendant "Starr Industries LLC" are the same entity.

Footnote 2:The affirmation in reply cites to exhibits B, C, D which are exhibits to the affirmation in support of this motion. Exhibit E is an exhibit cited to in the affirmation in reply only.