Weiss v Fran Corp.

2026 NY Slip Op 02147

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Moyshe Weiss, respondent,

v

Fran Corp., etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2024-08765, (Index No. 35209/23)

Cheryl E. Chambers, J.P.

Deborah A. Dowling

James P. McCormack

Susan Quirk, JJ.

Barry McTiernan & Moore LLC, New York, NY (Laurel A. Wedinger and Courtney Chadwell of counsel), for appellant.

Goldstein & Goldstein, P.C., Brooklyn, NY (Benjamin S. Goldstein of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated June 4, 2024. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.

ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.

The plaintiff commenced this action to recover damages for personal injuries he sustained as a pedestrian when he was struck by a motor vehicle at an intersection in the Town of Ramapo. The complaint alleged, among other things, that a street light at the subject intersection was not illuminated at the time of the accident, and that the malfunction of the street light contributed to the happening of the accident. The complaint further alleged, inter alia, that the defendant had entered into a contract with the Town pursuant to which the defendant was obligated to repair the street light, and had performed a negligent repair of the street light prior to the accident.

The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In support of its motion, the defendant submitted, among other things, a copy of its contract with the Town. The plaintiff submitted an attorney affirmation in opposition to the motion. The Supreme Court denied the motion, and the defendant appeals.

"On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory" (Clevenger v Yuzek, 222 AD3d 931, 934 [internal quotation marks omitted]; see Pergament v Government Empls. Ins. Co. ["GEICO"], 225 AD3d 799, 800). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal shall not eventuate" [*2](Clevenger v Yuzek, 222 AD3d at 934).

"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see id. at 140). However, a party that enters into a contract to render services may be said to have assumed a duty of care, and thus, be potentially liable in tort to third persons, where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely (see id.).

Here, the defendant demonstrated, as a matter of law, that it owed no duty of care to the plaintiff (see id. at 138; Valdez v M.A. Angeliades, Inc., 222 AD3d 911, 911-912). Contrary to the plaintiff's contention, even if the allegations in the complaint are accepted as true and the plaintiff is accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87), the facts alleged do not establish that the defendant launched an instrument of harm, as the defendant is not alleged to have "created or increased the risk [to the plaintiff] beyond the risk which existed even before [the defendant] entered into [its] contractual undertaking" (Church v Callanan Indus., 99 NY2d 104, 112). The defendant's purported negligence in failing to restore illumination to a darkened intersection amounts to, at most, a failure to act as an "instrument for good, which is insufficient to impose a duty of care" upon the defendant in the absence of contractual privity with the plaintiff (Espeleta v Synergy Resources, Inc., 172 AD3d 1320, 1321 [internal quotation marks omitted]; see Church v Callanan Indus., 99 NY2d at 112; Santos v Deanco Servs., Inc., 142 AD3d 137, 142). Moreover, the contract submitted by the defendant in support of its motion conclusively demonstrated that the defendant's contractual undertaking was "not the type of 'comprehensive and exclusive' property maintenance obligation" that would "entirely absorb" the Town's duty "to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d at 141, quoting Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 588).

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint (see Moch Co. v Rensselaer Water Co., 247 NY 160, 167-170; Anderson v Jefferson-Utica Group, Inc., 26 AD3d 760, 761).

The defendant's remaining contention is academic.

CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court