Yakobson v IGAL Ocean, LLC
2026 NY Slip Op 04002
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Rimma Yakobson, appellant,
v
IGAL Ocean, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-11055, (Index No. 529862/23)
Betsy Barros, J.P.
Lara J. Genovesi
Lourdes M. Ventura
Elena Goldberg Velazquez, JJ.

Sass Law Office LLC, New York, NY (Laurence J. Sass of counsel), for appellant.
Alexander T. Shapiro & Associates, P.C., New York, NY (Elena A. Shapiro of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to set aside allegedly fraudulent conveyances of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated July 25, 2024. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the first, fifth, and sixth causes of action and denied, as academic, the plaintiff's motion for a preliminary injunction.
ORDERED that order is modified, on the law, (1) by deleting the provision thereof granting those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the fifth and sixth causes of action, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof denying, as academic, the plaintiff's motion for a preliminary injunction; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the plaintiff's motion for a preliminary injunction.
In October 2010, a judgment in the total sum of $83,788.25 was entered in favor of the plaintiff and against the defendant IGAL Ocean, LLC (hereinafter IGAL). At the time, IGAL owned real property located at 2025 Ocean Avenue and at 2029 Ocean Avenue in Brooklyn. By deeds dated March 28, 2017, IGAL conveyed both properties to the defendant 2029 Ocean Ave, LLC (hereinafter 2029 Ocean), for no consideration, allegedly leaving IGAL insolvent.
On October 16, 2023, the plaintiff commenced this action, inter alia, to set aside the conveyances of the properties. In the first cause of action, the plaintiff alleged that the conveyances were void and ineffective pursuant to CPLR 5203(a). In the fifth cause of action, the plaintiff alleged that the conveyances should be set aside as fraudulent conveyances under Debtor and Creditor Law former § 276 (repealed by L 2019, ch 580, § 2 [eff Apr. 4, 2020]). In the sixth cause of action, the plaintiff sought an award of attorneys' fees under Debtor and Creditor Law former § 276-a (repealed by L 2019, ch 580, § 2 [eff Apr. 4, 2020]). Subsequently, the plaintiff moved for a preliminary injunction enjoining the defendants from selling or transferring any ownership interest in the properties, including as condominium units, while the action was pending. The defendants opposed the motion and moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the first, fifth, and sixth causes of action as time-barred. The Supreme Court granted those branches of the defendants' [*2]motion and denied, as academic, the plaintiff's motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on statute of limitations grounds, the moving defendant must establish, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations is tolled or is otherwise inapplicable" (Vilsack v Meyer, 96 AD3d 827, 828 [internal quotation marks omitted]; see Baptiste v Harding-Marin, 88 AD3d 752, 753).
"While a money judgment award is enforceable for 20 years (see CPLR 211[b]), a real property lien resulting from the judgment is viable for just 10 years (see CPLR 5203[a])" (Gletzer v Harris, 12 NY3d 468, 471; see Guerra v Crescent St. Corp., 120 AD3d 754, 755). Once docketed, a judgment becomes a lien on the real property of the debtor in that county and gives priority to the judgment creditor over subsequent transferees with regard to the debtor's real property in the county where the judgment was docketed (see CPLR 5203(a); Myrtle 684, LLC v Tauber, 189 AD3d 1431, 1433). "Pursuant to CPLR 5203(a), a judgment becomes a lien against real property as soon as it is docketed. It attaches to any property in which the debtor has an interest at that time, and remains effective against such property for a period of 10 years" (Cadle Co. v Calcador, 85 AD3d 700, 702 [citations omitted]). Here, the defendants established that the plaintiff had a judgment entered against IGAL on October 21, 2010. Therefore, the lien was set to expire on October 21, 2020 (see CPLR 5203[a]). Since the plaintiff's lien expired by the time this action was commenced in October 2023, and there is no indication that the judgment lien was renewed for an additional 10-year period prior to the lien's expiration (see id. § 5014), the Supreme Court properly directed dismissal of the first cause of action (see generally Guerra v Crescent St. Corp., 120 AD3d at 755).
"A fraud-based action must be commenced within six years of the fraud or within two years from the time the plaintiff discovered the fraud or could with reasonable diligence have discovered it, whichever is later" (Vilsack v Meyer, 96 AD3d at 828 [alteration and internal quotation marks omitted]; see CPLR 213[8]; Weinberg Real Estate Affiliates, LLC v Weinberg, 231 AD3d 775, 777). "The inquiry as to whether a plaintiff could, with reasonable diligence, have discovered the fraud turns on whether the plaintiff was possessed of knowledge of facts from which the fraud could be reasonably inferred" (Lipszyc v Lipszyc, 221 AD3d 992, 994 [internal quotation marks omitted]; see Sargiss v Magarelli, 12 NY3d 527, 532). "Generally, knowledge of the fraudulent act is required and mere suspicion will not constitute a sufficient substitute. Where it does not conclusively appear that a plaintiff had knowledge of facts from which the fraud could reasonably be inferred, a [fraud-based cause of action] should not be dismissed on motion and the question should be left to the trier of the facts" (Sargiss v Magarelli, 12 NY3d at 532 [citation and internal quotation marks omitted]; see Lipszyc v Lipszyc, 221 AD3d at 994). "Ordinarily, an inquiry into when a plaintiff should have discovered an alleged fraud presents a mixed question of law and fact" (Vilsack v Meyer, 96 AD3d at 828; see House of Spices [India], Inc. v SMJ Servs., Inc., 103 AD3d 848, 849).
Here, the defendants demonstrated that the allegedly fraudulent conveyances occurred more than six years prior to the commencement of this action and, thus, met their initial burden of establishing, prima facie, that the time in which to interpose the fifth and sixth causes of action expired prior to the commencement of this action. Nonetheless, the plaintiff raised a question of fact as to whether she possessed knowledge of facts from which the fraud could have been discovered with reasonable diligence within two years prior to the commencement of this action (see Sargiss v Magarelli, 12 NY3d at 532; Lipszyc v Lipszyc, 221 AD3d at 994; Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 905). Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(5) to dismiss the fifth and sixth causes of action as time-barred (see Three C, LLC v City Settlement Serv., Inc., 241 AD3d 739, 740; Lipszyc v Lipszyc, 221 AD3d at 994).
Finally, in light of the foregoing, the plaintiff's motion for a preliminary injunction is no longer academic. Therefore, we remit the matter to the Supreme Court, Kings County, for a new determination of the plaintiff's motion for a preliminary injunction on the merits (see Matter [*3]of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1152; Coizza v 164-50 Crossbay Realty Corp., 37 AD3d 640, 643).
BARROS, J.P., GENOVESI, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court